**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:15-CV-541-GCM**

| | | |
|---|---|---|
| **PRISCILLA EVERETTE OATES**, *et al*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **NORTH CAROLINA STATE** | ) | |
| **TREASURER**, *et al*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

   **THIS MATTER** is before the Court upon Defendants' Motions to Dismiss or Transfer on the basis of improper venue and lack of subject matter jurisdiction (Doc. Nos. 38, 41, 42, 53, 55, 61, 40, 49, 51). Plaintiffs filed Responses in Opposition (Doc. Nos. 59, 60, 63, 64, 65, 66, 68, 69, 74, 76), and Defendants then filed Replies (Doc. Nos. 67, 70, 71, 72, 73, 78, 79, 80). For the reasons set forth below, Defendants' Motions to Dismiss or Transfer are **GRANTED**.

## I. FACTUAL BACKGROUND

   Plaintiffs brought this case on November 10, 2015, listing three governmental organizations as Defendants: the Department of State Treasurer, the State Bureau of Investigation ("SBI"), and the Local Government Commission. (Doc. No. 1 at ¶¶ 5-7). Plaintiffs also named three supervisory Defendants and seven individual Defendants, all of whom are alleged to be residents of Raleigh, Greenville, or Princeville, North Carolina, which are located in the Eastern District of North Carolina. (*Id*. at ¶¶ 8-17). Plaintiffs are residents of Princeville, North Carolina. (*Id*. at ¶ 4). Additionally, the factual allegations within Plaintiffs' twenty-nine causes of action also occurred in Princeville, North Carolina. (*Id*. at ¶¶ 23-284). However,

Plaintiffs brought their suit within the Western District of North Carolina, contending that venue is proper because the SBI maintains offices within the Western District. (*Id.* at ¶ 22).

## II. DISCUSSION

Venue can be established in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For the purposes of venue, an entity is considered to reside in any district where the entity is "subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Additionally, when a state has multiple districts, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." § 1391(d).

When a defendant moves to dismiss for improper venue under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." *Bartholomew v. Va. Chiropractors Ass'n Inc.*, 612 F.2d 812, 816 (4th Cir. 1979). Here, Plaintiffs fail to meet this burden. Plaintiffs' Complaint alleges venue pursuant to § 1391(b)(1), claiming that the Western District of North Carolina is proper solely because Plaintiffs contend that the SBI is a resident of the Western District. (Doc. No. 1 ¶ 22). Without any legal authority, Plaintiffs assert that because the SBI owns and maintains an office in the Western District, the SBI meets the requirements of § 1391(d) to establish residency in the district. However, Plaintiffs cannot use § 1391(d) to establish venue in the present case because § 1391(d) only pertains to venue for corporations. 28 U.S.C. § 1391(d). The SBI is a state agency and not a corporation, therefore § 1391(d) does not qualify the SBI as a resident of the Western District such that venue can be established under § 1391(b)(1).

Further, Plaintiffs cannot use the SBI to establish venue in the Western District of North Carolina because the SBI is not a defendant in this case. No summons has been issued or served

on the SBI as a separate defendant in this case. Instead it appears that all of Plaintiffs' claims involving the SBI are attributed to individual Defendants Gregory McLeod and Lolita Chapman, who serve as the SBI director and an SBI agent, respectively. (Doc. No. 1 ¶ 8). Because there are no allegations against the SBI as an agency and a summons has not been issued against the SBI, the SBI is not an actual defendant in this action. Therefore, the location of the SBI's offices cannot serve as the basis for establishing venue under § 1391(b)(1).

Even if a summons had been issued and timely served on the SBI, the SBI still would not be a valid defendant in this case because the Eleventh Amendment deprives federal courts of jurisdiction over state agencies. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  The Supreme Court has held that under the Eleventh Amendment a State is also immune from suits brought in federal courts by her own citizens. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 144 (1993); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005). Additionally, the Eleventh Amendment protects state agents and state instrumentalities from lawsuits. *Constantine*, 411 F.3d at 479. As a result, under the Eleventh Amendment the SBI is immune from suits brought by state citizens, so the Court has no jurisdiction over the SBI in the present case. Therefore, the location of the SBI offices cannot serve as the basis for establishing venue in the Western District.

When a case is filed in a district with improper venue, the district court can either dismiss the case or, "if it be in the interest of justice" transfer the case to any district in which the case might have been brought. 28 U.S.C. § 1406(a); *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466

("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue."). The ability to transfer venue prevents plaintiffs from having their cases dismissed due to improper venue and thus being penalized by "time-consuming and justice-defeating technicalities." *Id.* at 467. Additionally, the Fourth Circuit has held that it is "'in the interest of justice' for plaintiffs to have their day in court" so that a case with improper venue should be transferred as opposed to dismissed unless there is a countervailing reason to deny transfer. *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988).

The present case could have originally been brought in the Eastern District of North Carolina, and thus should be transferred to the Eastern District. All of the acts stated within the Complaint as the basis for the causes of action are alleged to have taken place in the Eastern District. (Doc. No. 1). Further, Plaintiffs assert their residence to be in Princeville, North Carolina. (Doc. No. 1 ¶ 4), which is located in the Eastern District of North Carolina. All of the Defendants are alleged to be residents of the Eastern District as well. (Doc. No. 1 ¶ ¶ 8-17). When a defendant is a public official who is named as a party to an action in his or her official capacity, the public official is considered to "reside in the judicial district where he maintains his official residence, that is, where he performs his official duties." *Republican Party of N.C. v. Martin*, 682 F. Supp. 834, 836 (M.D.N.C. 1988). As all of the Defendants are alleged to either reside or perform their official duties in the Eastern District, the Defendants are all residents of the Eastern District. (Doc. No. 1 ¶ ¶ 8-17). As a result, this action should have been brought in the Eastern District of North Carolina. There are no countervailing reasons not to transfer the case, so it is in the interest of justice that the case be transferred to the Eastern District of North Carolina.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss or Transfer Venue are hereby **GRANTED** and this case is hereby transferred to the Eastern District of North Carolina.

Signed: June 7, 2016

Graham C. Mullen
United States District Judge